IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marlin Davis,     #30704-004,     )<br>                                                     )<br>                           Petitioner,     )<br>                                                     )<br>          vs.                                        )<br>                                                     )<br>                                                     )<br>Warden FCI Estill,                          )<br>                                                     )<br>                           Respondent.   )<br>                                                     ) | Civil Action No. 3:07-606-HFF-JRM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Marlin Davis ("Davis"), is an inmate at FCI-Estill. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 1, 2007. Respondent, the Warden of FCI-Estill, filed a motion for summary judgment on August 20, 2007. Because Davis is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on August 24, 2007, advising Davis of his responsibility to respond to the motion. He filed his response on September 21, 2007

**Background**

Davis was sentenced to 360 months in the Northern District of Florida on June 3, 1996 on drug related charges. (Res. Mem., Ex. 6). At the sentencing, Davis' trial attorney objected to the drug weights attributable to him reflected in the Pre-Sentence Investigation ("PSI"), but the sentencing court adopted the PSI as written (Res. Mem., Ex. 5, ¶ 10). There is no indication that Davis appealed this decision.

The Bureau of Prisons ("BOP"), as required by its regulations, calculated Davis' security level and custody classification. In calculating his security level, BOP followed its "Program Statement 5100.08, Inmate Security Designation and Custody Classification." This required calculating a "Severity of Offense" level based in part on the drug weight involved in Davis'

conviction. (Res. Mem., Ex. 5, ¶¶ 4-6).  Davis received a rating of "Moderate Severity" based on the information in the PSI. (Id. ¶ 7).

## **Discussion**

Davis contests the security level assigned to him by BOP.  He alleges in his petition that BOP used "inaccurate information to determine custody and security classification," i.e., the drug amounts contained in the PSI.  He further asserts that "the challenged information concerns the execution of sentence by the BOP.  For relief, Davis requests that this Court "stop the Bureau of Prison's use of inaccurate information."

Before filing his petition in this court, Davis sought redress by two avenues.  First, Davis followed the administrative process available through BOP policy.  He filed a "Request for Administrative Remedy" dated February 13, 2006, which was denied by the Warden.  Davis then followed the appellate process provided by regulation.  Eventually, the appeals were denied on August 11, 2006.  Copies of the documents used to complete the administrative process are attached to the petition in this case.  Respondent concedes that Davis has properly exhausted his administrative remedies for § 2241 purposes through this process.

Also, Davis filed an action pursuant to the Privacy Act, 5 U.S.C. § 552, et seq. on September 29, 2006 in the United States District Court for the District of Columbia (Res. Mem., Ex. 2).  The Court dismissed the action pursuant to Fed. R. Civ. P. 12(b)(6), stating:

> The Privacy Act requires executive branch agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]..." 5 U.S.C. § 552a(e)(5).  Section 552a(d) allows individuals access to agency records about themselves to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete."  *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991).  Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment provisions.  *See Doe*, 936 F.2d 1350; accord *Deters v. United States*

2

> *Parole Commission*, 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992).  Nevertheless, the Privacy Act authorizes the head of law enforcement agencies to enact regulations exempting certain types of records from specified provisions of the Act.  *See* 5 U.S.C. § 552a(j).
>
> Plaintiff's claim for injunctive relief fails because the Department of Justice has properly exempted BOP's Inmate Central Record System from the Privacy Act's amendment requirements.  *See* 28 C.F.R. § 16.97; *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (citing *Deters*, 85 F.3d at 658, n.2).  Moreover, to the extent that BOP was obliged to verify the accuracy of the PSR, it complied by contacting the appropriate USPO.  *See* Smith Decl. ¶¶ 9-10.

(Res. Mem., Ex. 3).

Respondent makes a lengthy argument that Davis cannot establish a violation of the Privacy Act and that he is collaterally estopped for seeking relief under the Act.  However, Davis clearly states that his present action is not brought under the Privacy Act, but is based only on a due process violation under 28 U.S.C. § 2241. (Pet. Mem., p. 4).

Due Process forbids reliance on materially false or unreliable information in imposing sentence.  Townsend v. Burke, 334 U.S. 736 (1948).  Rule 32, Fed. R. Crim. P., provides a framework for the preparation and use of a PSI.  The defendant is entitled to a copy of the PSI in advance of sentencing, and he has the right to file objections.  The sentencing court must rule on controverted matters.  Rule 32(i)(3)(B).  Finally, the court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." (Rule 32(i)(3)(C)).  As noted above, Davis' trial attorney objected to the drug weights in the PSI, but they were adopted by the sentencing court.  Apparently, the issue of drug weights was not raised on direct appeal.  According to Davis, he filed a § 2255 petition asserting in part that his trial attorney was ineffective "for failure to object[] with specificity to inaccurate drug amounts."  The § 2255 petition was denied and the ruling was upheld by the Eleventh Circuit Court of Appeals. (Petition, p. 2).

3

Generally, 28 U.S.C. § 2241 is the proper vehicle to challenge the manner and execution of a sentence by BOP. An inmate may challenge the validity of his sentence and the effect of post sentencing events which have an effect on that sentence. Paschal v. Bauknecht, 2007 WL 4568979 (D.S.C.). However, the inmate must show a violation of the Constitution or laws of the United States.

Davis has not shown that his right to due process has been violated. BOP classification decisions are within the discretion of the Attorney General as delegated to the Director of BOP. (18 U.S.C. § 4081 and 28 C.F.R. § 0.96). Further, federal inmates have no constitutional right to a particular classification. Moody v. Doggett, 429 U.S. 78, 88, n.9 (1976). Nor does an inmate have a constitutional right to a particular security classification. Register v. Lappin, 2007 WL 202243 (E.D. Ky.) citing Wilkinson v. Austin, 545 U.S. 209 (2005).

Davis has not alleged a violation of any law. As found by the D.C. Circuit in his Privacy Act case, BOP properly followed its regulations by contacting the United States Probation Office to verify the accuracy of the PSI.

## Conclusion

Based on a review of the record, it is recommended that respondent's motion for summary judgment be granted, the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

January 30, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).